UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTOINE WHITNEY LEE,             Case No. 1:16-cv-1001
    Plaintiff,                                   Dlott, J.
                                              Litkovitz, M.J.
   vs.

DR. DIMA L. DIAB, M.D.,             REPORT AND
    Defendant.                              RECOMMENDATION

         Plaintiff Antoine Whitney Lee, a resident of Cincinnati, Ohio, brings this action against Dr. Dima L. Diab, M.D., a physician at U.C. Health. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

         In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action

has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that she is a transgender woman who has taken hormone therapy since the age of 18. Plaintiff began seeing Dr. Diab in September 2016 at U.C. Health to obtain treatment after she was released from prison. On October 17, 2016, Dr. Diab prescribed three medications for plaintiff, including a prescription for hormone therapy and a prescription for testicular pain. Dr. Diab electronically ordered the medicine from a local pharmacy. When plaintiff arrived at the pharmacy, she was told she could not receive the pain medication and would need a "hard copy" of the prescription from the doctor. Plaintiff returned to U.C. Health and waited two and one-half hours for the prescription. Plaintiff alleges she was given "the run around" by U.C. Health employees and that Dr. Diab would not write a prescription for the pain medication. Plaintiff was finally told to return the following Monday. Plaintiff states she became upset and "a lil loud" because Dr. Diab should have known about the need for a hard copy of the prescription. When plaintiff returned to U.C. Health the following Monday, she was told that Dr. Diab would not write a hard copy of the prescription for pain medication "because [plaintiff] got loud and made a scene." (Doc. 1 at PAGEID#:10). Plaintiff was also sent a letter from Dr. Diab stating she would no longer treat plaintiff. Plaintiff alleges Dr. Diab never personally witnessed plaintiff posing a problem. Plaintiff states she later went to U.C. Hospital and obtained the pain medication that Dr. Diab declined to order. Plaintiff alleges

that Dr. Diab discriminated against her and violated her rights under the Eighth Amendment to the United States Constitution. As relief, plaintiff seeks $200,000.00 in damages from Dr. Diab.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named defendant, Dr. Diab, are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Second, the Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Plaintiff's complaint fails to state a claim for relief to the extent she alleges a violation of her constitutional rights.  To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the offending conduct was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  U.C. Health and Dr. Diab are "private entities or actors and, therefore, the state action necessary to prevail on a § 1983 claim is absent." *Gueye v. U.C. Health*, No. 1:13-CV-673, 2014 WL 1783594, at *2 (S.D. Ohio May 5, 2014).  Because plaintiff has alleged no facts showing the requisite state action, her complaint fails to state a cognizable claim for relief under § 1983.

In any event, plaintiff's complaint fails to allege facts showing a denial of her constitutional rights.  Although plaintiff alleges that Dr. Diab violated plaintiff's rights under the Eighth Amendment, plaintiff has alleged no facts showing she was incarcerated pursuant to a formal adjudication of guilt at the time of the incidents alleged in the complaint to give rise to a cognizable Eighth Amendment claim.  The Eighth Amendment applies only to individuals who are in custody as punishment for a criminal conviction.  *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.") (citation omitted); *Austin v. Johnson*, 328 F.3d 204, 208 (5th Cir. 2003) ("State defendants do not incur Eighth Amendment liability unless 'the individual was being held in custody after criminal conviction.'") (citation omitted).  *See also Manley v. Paramount's Kings Island*, No. 1:06-cv-634, 2007 WL 4083260, at *8 (S.D. Ohio

Nov. 15, 2007) (Dlott, J.), *aff'd,* 299 F. App'x 524 (6th Cir. 2008) ("Rights under the Eighth Amendment, which proscribes the infliction of 'cruel and unusual punishments,' do not arise until after an individual has been convicted, which never occurred in this case."). Because plaintiff was not in custody when the acts giving rise to her complaint allegedly occurred, plaintiff's complaint fails to state a claim for relief under the Eighth Amendment.

Plaintiff has also failed to state a claim for relief against Dr. Diab for discrimination under the equal protection clause of the Fourteenth Amendment. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To state a claim for discrimination under the equal protection clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against her because of her membership in a protected class. *Simpson v. Ameji*, 57 F. App'x. 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Even assuming that discrimination based on transgender status constitutes discrimination on the basis of sex or that transgender individuals constitute an identifiable group for equal protection purposes, *see Bd. of Educ. of the Highland Local Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 5372349 (S.D. Ohio Sept. 26, 2016), plaintiff has failed to allege any facts whatsoever showing that Dr. Diab treated plaintiff differently or denied her medication because of her transgender status. Plaintiff does not allege any facts showing Dr. Diab acted for any reason other than plaintiff's disruptive conduct at U.C. Health. Nor has plaintiff alleged any facts that permit an inference that Dr. Diab acted with animus or ill will. Finally, plaintiff has not alleged

any facts that show she was treated differently than any other person under similar circumstances.  Plaintiff's mere allegations that she is transgender and that Dr. Diab declined to write her a prescription for pain medication after plaintiff, by her own admission, caused a "scene" at U.C. Health, do not state a claim for gender-based discrimination.  For these reasons, plaintiff has failed to state a claim for discrimination in violation of her equal protection rights under the Fourteenth Amendment.

Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's complaint be **DISMISSED** with prejudice.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date:   10/26/2016                        *s/Karen L. Litkovitz*
                                          Karen L. Litkovitz
                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTOINE WHITNEY LEE,                    Case No. 1:16-cv-1001
    Plaintiff,                          Dlott, J.
                                        Litkovitz, M.J.
    vs.

DR. DIMA L. DIAB, M.D.,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).